GERALD D. WIXTED, ESQ.
ATTORNEY ID: 54545
**DILWORTH PAXSON LLP**
2 RESEARCH WAY
PRINCETON, NEW JERSEY 08540
(609) 924-6000
gwixted@dilworthlaw.com
ATTORNEYS FOR PLAINTIFF, HARTFORD FIRE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY and KINSALE INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO._____<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff, Hartford Fire Insurance Company (hereinafter referred to as "Hartford"), by and through its counsel, by way of complaint against defendants, Penn National Mutual Casualty Insurance Company, and Kinsale Insurance Company (hereinafter collectively referred to as the "insurer defendants"), states as follows:

**NATURE OF ACTION**

1.  Hartford files this action seeking declaratory judgment as to the rights and obligations of the parties under certain insurance policies in connection with a personal injury lawsuit brought against certain defendants including Frankford Valley Foundation

for Literacy II ("Frankford Valley"), and McGregor Industries, Inc. ("McGregor Industries")

2. Hartford has been providing a defense to Frankford Valley as an insured. Hartford specifically seeks a declaration that the insurer defendants are obligated to assume or share in the coverage obligation, i.e., defense costs and indemnity, for Frankford Valley under the terms of the policies issued by them to Frankford Valley or to McGregor Industries.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action as this litigation arises under federal law, namely the Declaratory Judgment Act, 28 U.S.C. §2201, which confers authority to file a declaratory judgment action in federal court.

4. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the opposing parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. Venue is properly laid before this Court under 28 U.S.C. § 1391(a) and 1391(b) because the underlying lawsuit which gave rise to the coverage dispute between the parties is currently pending in the Philadelphia County Court of Common Pleas, and the accident which led to the aforementioned lawsuit occurred in Philadelphia, Pennsylvania, where the plaintiff in the underlying lawsuit resides; moreover the defendants and the plaintiff are licensed and conduct business in Pennsylvania.

## THE PARTIES

6. At all times material hereto, plaintiff Hartford Fire Insurance Company is a corporation organized and existing under the laws of the State of Indiana, with its

principal place of business in Hartford, Connecticut, and is licensed to do business in Pennsylvania.

7. Upon information and belief, defendant Penn National Mutual Casualty Insurance Company ("Penn National") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Harrisburg, Pennsylvania, and is licensed to do business in Pennsylvania.

8. Upon information and belief, defendant Kinsale Insurance Company ("Kinsale") is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Richmond, Virginia, and is licensed to do business in Pennsylvania.

## THE SCOLLON ACTION

9. Frankford Valley, Tacony Academy Charter School ("The School"), McGregor Industries, Inc. ("McGregor Industries") BSI Construction LLC and BSI Consulting, LLC (collectively "BSI") have been named as defendants in a civil action captioned: Brian Scollon and Kathleen Scollon v. Frankford Valley Foundation For Literacy II, et al., Civil No. 160301806, March Term 2016, pending in the Pennsylvania Court of Common Pleas, Philadelphia County (the "Scollon Action").

10. A true and correct copy of the Complaint in the Scollon Action is attached as Exhibit A.

11. In the Scollon Action, the plaintiffs allege that on April 6, 2015, plaintiff Brian Scollon was working as an ironworker employed by McGregor Industries at a construction project at 6201 Keystone Street, Philadelphia, Pennsylvania. The plaintiffs

allege that Brian Scollon fell some 40 feet to the ground, striking a beam while falling, and suffered injury.

12.   In the Scollon Action, the plaintiffs allege that Frankford Valley and/or The School were the owner, possessor and or maintainer of the property at 6201 Keystone Street, Philadelphia, Pennsylvania.

13.   In the Scollon Action, the plaintiffs allege that BSI was the construction manager of the construction project at 6201 Keystone Street, Philadelphia, Pennsylvania.

14.   Count One of Complaint in the Scollon Action seeks compensatory damages, medical costs, pain and suffering, lost earnings and other damages suffered by Brian Scollon as a result of the alleged negligence and carelessness of the defendants.

15.   Count Two of the Complaint in the Scollon Action seeks compensatory damages for lack of consortium suffered by Kathleen Scollon as a result of the alleged negligence of the defendants.

**TENDER OF THE SCOLLON ACTION TO INSURER DEFENDANTS**

16.   Policy No. 39UUNVN2157 was issued by Hartford to Frankford Valley for the policy period of 1/30/15- 1/30/16 (the "Hartford Policy").

17.   Subject to the terms of the Hartford Policy, Hartford is providing a defense and coverage for Frankford Valley in the Scollon Action.

18.   On January 4, 2016, Hartford tendered the Scollon claim to McGregor Industries and BSI.  After the Scollon Action was commenced, Frankford Valley also requested indemnity from McGregor Industries by a letter dated August 1, 2016.

19.     On information and belief, BSI and The School also tendered their defenses to McGregor Industries.

20.     By correspondence dated September 15, 2016, Penn National, the insurer for McGregor Industries, responded to the tender requests of Hartford, Frankford Valley, BSI and The School by offering to defend and cover them as additional insureds under the Penn National policy, subject to a reservation of rights and the following conditions:

A. The defense was contingent upon waiver of conflict and one counsel represents all of the entities;

B. Should it be determined that any of the additional insured entities have independent negligence, the kind that was not caused in whole or in part by the acts of McGregor Industries, there would be no duty to indemnify;

C. If McGregor Industries is dismissed from the suit or it is determined it is not liable, there would be no indemnity coverage;

D. If McGregor Industries is dismissed from the suit, Penn National reserved its right to withdraw from the defense, as the additional insured endorsement would no longer apply.

E. Penn National also reserved the right to modify or amend its coverage position upon the discovery of any other facts or issues related to coverage.

21.     On November 1, 2016, Penn National wrote to Hartford requesting a reply to its September 15, 2016 correspondence.  Penn National added that counsel for BSI had agreed to the terms proposed by Penn National, but had asked to remain as defense counsel.  This had not been agreed to by Penn National.

22. On April 3, 2017, defense counsel for Frankford Valley replied to Penn National, rejecting the conditions set by Penn National, pointing out that McGregor Industries had agreed in its contract to obtain primary and non-contributory insurance for Frankford Valley, and was obligated to cover Frankford Valley by the terms of the contract and the Penn National Policy.

23. To date, Penn National has refused to change its position set forth in its letter of September 15, 2016. Hartford continues to defend Frankford Valley without participation from Penn National.

24. Hartford has also requested in writing that Kinsale, another primary insurer for Frankford Valley, participate in the defense and coverage for the Scollon Action.

25. Hartford has received no reply from Kinsale to its requests. Hartford continues to defend Frankford Valley without participation from Kinsale.

**THE PENN NATIONAL POLICY**

26. Penn National issued Policy No. CP9 0676231 to McGregor Industries for a policy term of October 1, 2014 to October 1, 2015 (hereafter, the "Penn National Policy").

27. The Penn National Policy contains an endorsement titled "Automatic Additional Insureds – Owners, Contractors and Subcontractors (Ongoing Operations)." It provides, in pertinent part:

> A. The following provision is added to **Section II – WHO IS AN INSURED**
>
> 1. Any person(s) or organizations(s) (referred to below as additional insured) for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury",

"property damage" or "personal and advertising injury" caused, in whole or in part, by:

**(1)** Your acts or omissions; or

**(2)** The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the location or project described in the contract or agreement.

\* \* \*

**C.** The limits of insurance applicable to the additional insured are those specified in written contract or agreement or in the Declarations for this policy, whichever are less. These limits of insurance are inclusive of and not in additional to the limits of insurance shown in the Declarations.

**D.** With respect to the coverage provided by this endorsement, **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**, Paragraph 4. Other Insurance, Subparagraph a. Primary Insurance, is replaced by the following:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below, except:

(1) If a written contract or agreement that requires any person(s) or organization(s) to be an additional insured also requires this insurance to be primary and noncontributory, then this insurance is primary over any other insurance in which the additional insured is a Named Insured. We will not seek contribution from any other liability policy in which the additional insured is a Named Insured.

\* \* \*

28. The Penn National Policy contains a "Commercial General Liability Coverage Form" which provides, in pertinent part:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

7

I.  Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

*  *  *

29.  The Prime Contract signed by McGregor Industries with Frankford Valley states that Frankford Valley shall be an additional insured on the McGregor Industries' liability policy, on a primary and non-contributory basis.

30.  Under the Penn National Policy's terms and conditions, including but not limited to the applicable "Automatic Additional Insureds" endorsement, Frankford Valley is an additional insured, entitled to primary coverage, including a defense and indemnity up to the Penn National Policy limit, in the Scollon Action.

### THE KINSALE POLICY

31.  Kinsale issued Policy No. 0100015897-0 to Frankford Valley for the policy term of December 10, 2014 to December 10, 2015 (hereafter the "Kinsale Policy")

32.  On information and belief, the Kinsale Policy provides as follows, in pertinent part:

**SECTION I – COVERAGES**

**BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

8

* * *

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:

         **(a)** Operations performed for you by the "contractor" at the location specified in the Declarations; or

         **(b)** Your acts or omissions in connection with the general supervision of such operations;

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

33. On information and belief, the Kinsale Policy also contains the following provision:

   **8. Other Insurance**

   The insurance afforded by this Coverage Part is primary insurance and we will not seek contribution from any other insurance available to you unless the other insurance is provided by a contractor other than the designated "contractor" for the same operation and job location designated in the Declarations. Then we will share with that other insurance by the method described below.

   If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

   If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

* * *

34. Under the Kinsale Policy's terms and conditions, including but not limited to the applicable "Other Insurance" provision, Frankford Valley is entitled to primary

coverage, including a defense and indemnity, up to the Kinsale Policy limit, in the Scollon Action.

## CLAIM FOR RELIEF
### First Count
### (Declaratory Judgment against Penn National)

35. Hartford repeats and reiterates each of the allegations contained in Paragraphs 1 through 34 of the Complaint as if fully set forth at length herein.

36. Under the Penn National Policy's terms and conditions, including but not limited to the applicable "Automatic Additional Insureds" endorsement, Frankford Valley is an additional insured, entitled to primary coverage, including a defense and indemnity up to the Penn National Policy limit, in the Scollon Action.

37. Under the terms of the Penn National Policy, Hartford has the right to reimbursement from Penn National for some or all of the defense costs incurred in connection with Hartford's defense of Frankford Valley in the Scollon Action.

38. Under the terms of the Penn National Policy, Penn National has the obligation to assume the defense of Frankford Valley in the Scollon Action.

39. Under the terms of the Penn National Policy, Penn National has the obligation to pay any indemnity attributable to Frankford Valley in the Scollon Action, subject to the Penn National Policy limit and applicable law.

40. Under the terms of the Penn National Policy, and applicable law, Frankford Valley is entitled to its own separate representation in the Scollon Action, and Penn National cannot condition its coverage upon Frankford Valley's agreement to joint representation with other defendants.

41. Hartford and Penn National differ over the extent and conditions to which Penn National is obligated to provide a defense to Frankford Valley in the Scollon Action under the terms of the Penn National Policy.

42. Hartford and Penn National differ over the extent and conditions to which Penn National is obligated to provide pay any indemnity attributable to Frankford Valley in the Scollon Action under the terms of the Penn National Policy.

43. An actual and justiciable controversy has arisen and now exists between Hartford and Penn National concerning their respective rights and duties under the Hartford Policy and the Penn National Policy for defense costs and any indemnity attributable to Frankford Valley in the Scollon Action.

44. The rights and status and other legal relations and obligations of Hartford and the insurer defendants are uncertain and insecure, and the entry of a declaratory judgment by this court will terminate the uncertainty and controversy which has given rise to this proceeding.

**WHEREFORE**, Hartford respectfully prays for judgment as follows:

(a) Determining the scope of Penn National's obligation to defend Frankford Valley in the Scollon Action, including Penn National's obligation to reimburse Hartford for its defense of Frankford Valley;

(b) Determining Penn National's obligation to indemnify Frankford Valley in the Scollon Action;

(c) Determining, in the event Hartford is found to be in any way liable to Frankford Valley in connection with the Scollon Action, the proper allocation among Hartford and the insurer defendants of insurance coverage for defense and indemnity in

connection with the Scollon Action; including but not limited to any attendant defense costs and indemnity which must be allocated between the Hartford Policy and the insurer defendants' policies.

(d)   Determining, in the event Hartford is found to be in any way liable to Frankford Valley in connection with the Scollon Action, the appropriate allocation of any and all damages resulting from the Scollon Action;  and

(e)   Awarding attorneys' fees, costs and such other and further relief as this Court deems just and appropriate under the circumstances.

## Second Count
**(Declaratory Judgment against Kinsale)**

45.   Hartford repeats and reiterates each of the allegations contained in Paragraphs 1 through 44 of the Complaint as if fully set forth at length herein.

46.   Under the Kinsale Policy's terms and conditions, including but not limited to the applicable coverage grant and the "other insurance" provision, Frankford Valley is entitled to primary coverage, including a defense and indemnity up to the Kinsale Policy limit, in the Scollon Action.

47.   Under the terms of the Kinsale Policy, Hartford has the right to reimbursement from Kinsale for some or all of the defense costs incurred in connection with Hartford's defense of Frankford Valley in the Scollon Action.

48.   Under the terms of the Kinsale Policy, Kinsale has the obligation to assume the defense of Frankford Valley in the Scollon Action.

49.   Under the terms of the Kinsale Policy, Kinsale has the obligation to pay any indemnity attributable to Frankford Valley in the Scollon Action, subject to the Kinsale Policy limit and applicable law.

50. Hartford and Kinsale differ over the extent and conditions to which Kinsale is obligated to provide a defense to Frankford Valley in the Scollon Action under the terms of the Kinsale Policy.

51. Hartford and Kinsale differ over the extent and conditions under which Kinsale is obligated to provide pay any indemnity attributable to Frankford Valley in the Scollon Action under the terms of the Penn National Policy.

52. An actual and justiciable controversy has arisen and now exists between Hartford and Kinsale concerning their respective rights and duties under the Hartford Policy and the Kinsale Policy for defense costs and any indemnity attributable to Frankford Valley in the Scollon Action.

53. The rights and status and other legal relations and obligations of Hartford and the insurer defendants are uncertain and insecure, and the entry of a declaratory judgment by this court will terminate the uncertainty and controversy which has given rise to this proceeding.

**WHEREFORE**, Hartford respectfully prays for judgment as follows:

(a) Determining the scope of Kinsale's obligation to defend Frankford Valley in the Scollon Action, including Kinsale's obligation to reimburse Hartford for its defense of Frankford Valley;

(b) Determining Kinsale's obligation to indemnify Frankford Valley in the Scollon Action;

(c) Determining, in the event Hartford is found to be in any way liable to Frankford Valley in connection with the Scollon Action, the proper allocation among Hartford and the insurer defendants of insurance coverage for defense and indemnity in

connection with the Scollon Action; including but not limited to any attendant defense and indemnity which must be allocated between the Hartford Policy and the insurer defendants' policies.

      (d)    Determining, in the event Hartford is found to be in any way liable to Frankford Valley in connection with the Scollon Action, the appropriate allocation of any and all damages resulting from the Scollon Action; and

      (e)    Awarding attorneys' fees, costs and such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

**DILWORTH PAXSON LLP**

BY: _____
Gerald D. Wixted, Esq.
Attorney ID: 54545
*Attorneys for Plaintiff,*
*Hartford Fire Insurance Company*

Dated: February 2, 2018